IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

JUN 20 2017

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR 17-23-BLG-SPW-1 |
| vs. | ORDER |
| RAYMOND THOMAS TETZLAFF, | |
| Defendants. | |

Defendant Raymond Thomas Tetzlaff has moved the court to release to him

discovery materials marked "sensitive" under D. Mont. L. R. 16.4(a). (Doc. 48).

The United States opposes the motion. (Doc. 53). For the reasons set forth below,

Tetzlaff's motion is DENIED.

I.    **Background**

On March 1, 2017, Tetzlaff was indicted for Conspiracy to Possess

Methamphetamine with the Intent to Distribute, Possession of Methamphetamine

with Intent to Distribute, Felon in Possession of a Firearm, and Possession of a

Firearm During a Drug Trafficking Offense. (Doc. 1). March 23, 2017 was the

discovery deadline. (Doc. 24). In compliance with the scheduling order, the

United States disclosed reports and search warrants in addition to other discovery

material. (Doc. 53 at 2). As required under District of Montana Local Criminal

Rule 16.4(a), the United States marked approximately 900 pages of documents 'sensitive material' because the documents contained personal information, personal identifiers, or financial information. (Doc. 49 at 2).

On June 2, 2017, defense counsel met with Tetzlaff at Crossroads in Shelby, Montana, to review the 'sensitive materials.' (*Id.*). Although counsel allotted three hours for Tetzlaff to review the material, Tetzloff was allowed only one hour due to facility issues. (*Id.*). His review was also slowed because he was shackled, making it difficult to turn pages and review the material. (*Id.*). Defense counsel scheduled another meeting on June 9, 2017, to review additional material. (*Id.*). The court does not know whether additional documents were reviewed at that time.

## II.    Discussion

Tetzlaff essentially argues that the court should remove the 'sensitive materials' designation from the 900 pages of materials at issue so that he can keep them in his possession to review. (Doc. 49 at 2). He argues this is necessary because of the number of documents and because it is difficult for him to review the documents while shackled. He also argues that the designation is misplaced because the search warrants are for his storage containers, and he knows the named witness. (*Id.* at 3-4).

The United States argues that the documents contain information provided by the informant and named witness, detailing their statements and aid to police. (Doc. 53 at 5). In other words, the location is not what makes the documents sensitive. (*Id.*). The United States also argues that regardless of whether Tetzlaff knows a witness, the search warrants and reports detail how the witnesses assisted the police, so dissemination could place them in danger. (*Id.* at 8). Finally, the United States argues that the substance of the documents allow them to be reviewed in a timely manner. (*Id.* at 6).

Local Rule CR 16.4(a) is designed to permit a party producing discovery in a criminal action-primarily the United States-to prevent documents from being copied and distributed by persons other than defense counsel and the defendant. The rule requires the party designating the information as sensitive to "set[ ] forth the reasons why such protections are warranted." L.R. C.R. 16.4(a). According to the rule, in relevant part, once the "sensitive material' designation has been made, "access to [the] documents *shall* be limited to" the defendant and his attorney, and the documents *shall not* be left in the defendant's possession without defense counsel present. L.R. C.R. 16.4(b)(1)(A), (D) (emphasis added).

As a threshold issue, according to the plain letter of the rule, the restrictions on the documents are mandatory once the 'sensitive materials' designation has been made. Nothing in the rule provides the court with the discretion to remove the

'sensitive materials' designation, nor has Tetzlaff pointed to any authority allowing removal.

Tetzlaff's arguments are also unpersuasive. Tetzlaff's argument that the 'sensitive materials' designation is misplaced because his property is involved and he knows the named witness fails. Search warrants often involve the defendant's property whether it be his or her car, house, garage, or business. Rule 16.4(a) applies to protect *personal* information, identifiers, or financial information. Generally, the location seems to be of minimal importance, and as the United States points out, it is of minimal importance here.

With respect to the named witness, the United States points out that although Tetzlaff may already know much of her personal information, possessing the search warrant with the ability to disseminate it could jeopardize the witness's safety. The same is true for the confidential informant, in the event the informant's name is eventually released.

Finally, considering that the bulk of the sensitive materials are search warrants which contain numerous pages of repetitive legalese and qualifying information, as well as the fact that defense counsel originally thought three hours was sufficient time to go over the materials, the court finds that the time needed to review the materials is not extensive. In the event defense counsel runs into

additional facility issues, the United States has indicated it will not object to a continuance. Tetzlaff's motion is DENIED.

DATED this 20th day of June, 2017.

SUSAN P. WATTERS
U.S. DISTRICT JUDGE